Daria Dub Carlson (SBN 150628) – counsel for service
**MARKUN ZUSMAN FRENIERE & COMPTON LLP**
17383 Sunset Boulevard, Suite A-380
Pacific Palisades, CA 90272
Telephone: (310) 454-5900
Facsimile: (310) 454-5970
Email: dcarlson@mzclaw.com

*Attorneys for Defendant Windham Professionals, Inc.,*

# UNITED STATES DISCTRICT COURT

## EASTERN DISCTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE BARNES, | ) CASE NO: 2:18-CV-01736-WBS-EFB |
| Plaintiffs, | ) **ANSWER OF WINDHAM** |
| | ) **PROFESSIONALS, INC. TO CLASS** |
| | ) **ACTION COMPLAINT** |
| v. | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| WINDHAM PROFESSIONALS, INC., | ) **Judge: Hon. William B. Shubb** |
| | ) |
| Defendants. | ) **Date Filed: June 15, 2018** |
| | ) **Trial Date: None Set** |
| | ) |

Defendant Windham Professionals, Inc. ("Defendant") hereby submits its answer and affirmative defenses in response to Plaintiff Tyrone Barnes' Class Action Complaint (the "Complaint") as follows.

## NATURE OF THE ACTION

1.      Defendant admits that in April and May 2018, Defendant and/or its agents called Mr. Barnes on his cellular telephone.  Defendant denies that Defendant ever called Plaintiff using an autodialer or an artificial or prerecorded voice. Defendant denies that Mr. Barnes did not give consent to make these calls.

2.      Defendant admits that Plaintiff purports to bring this action for injunctive relief and statutory damages for the reasons set forth in Paragraph 2 of the Complaint.  Defendant denies the remaining allegations of Paragraph 2 of the Complaint.

## PARTIES

3.      Defendant lacks information or belief sufficient to answer the allegations of Paragraph 3 of the Complaint and on that basis denies them.

4.      Defendant admits the allegations of Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.      Defendant denies the allegations of Paragraph 5 of the Complaint.

6.      Defendant admits the allegations of Paragraph 6 of the Complaint.

7.      Defendant admits that it transacts business within this District.  Defendant lacks information or belief sufficient to answer the remaining allegations of Paragraph 7 of the Complaint and on that basis denies them.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.      The Telephone Consumer Protection Act of 1991**

8.      Defendant lacks information or belief sufficient to answer the allegations of Paragraph 8 of the Complaint and on that basis denies them.

9.      Defendant admits the allegations of Paragraph 9 of the Complaint.

10.     Defendant lacks information or belief sufficient to answer the allegations of Paragraph 10 of the Complaint and on that basis denies them.

11.     Defendant lacks information or belief sufficient to answer the allegations of Paragraph 11 of the Complaint and on that basis denies them.

B.      Defendant's Calls to Plaintiff and Class Members

12.     Defendant admits that in April and May 2018, Defendant and/or its agents called Mr. Barnes on his cellular telephone.  Defendant denies that Defendant ever called Plaintiff using an autodialer or an artificial or prerecorded voice. Defendant denies that Mr. Barnes did not give consent to make this call.

13.     Defendant admits the allegations of Paragraph 13 of the Complaint.

14.     Defendant denies the allegations of Paragraph 14 of the Complaint.

15.     Defendant denies the use of an automatic telephone dialing system.  Defendant lacks information or belief sufficient to answer the remaining allegations of Paragraph 15 of the Complaint and on that basis denies them.

16.     Defendant admits that prior to the calls at issue in this action, Plaintiff never had any contact with Defendant.  Defendant denies that Mr. Barnes did not give consent to make these calls. Defendant admits that Plaintiff never provided Defendant with his telephone number.

17.     Defendant denies the allegations of Paragraph 17 of the Complaint.

18.     Defendant lacks sufficient information or belief sufficient to answer the allegations of Paragraph 18 of the Complaint and on that basis denies them.

## CLASS ACTION ALLEGATIONS

19.     Defendant admits that Plaintiff purports to bring this action on behalf of himself and on behalf of all other persons similarly situated.  Defendant denies that this case is appropriate for class treatment.

20.     Defendant admits that Plaintiff purports to propose the Robocall Class definition set forth in the Complaint.  Defendant denies the remaining allegations of Paragraph 20 of the Complaint.

21.     Defendant admits that Plaintiff purports to refer to the persons described in Paragraph 21 the "Robocall class."  Defendant admits that Plaintiff purports to exclude from the Robocall Class the Defendant and any entities in which the Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate family members.  Defendant denies the remaining allegations of Paragraph 21, including that Plaintiff is a member of the "Robocall Class."

22.     Defendant admits that Plaintiff purports to propose the Autodialer Class definition set forth in Paragraph 22 of the Complaint.  Defendant denies the remaining allegations of Paragraph 22.

23.     Defendant admits that Plaintiff purports to call the persons described in Paragraph 23 the "Autodialer Class."  Defendant admits that Plaintiff purports to exclude from the Autodialer Class the Defendant and any entities in which the Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate family members.  Defendant denies the remaining allegations of Paragraph 23, including that Plaintiff is a member of the "Autodialer Class."

24.     Defendant denies that the classes are so numerous that individual joinder would be impractical.  Defendant lacks sufficient information or belief to answer the remaining allegations of Paragraph 24 of the Complaint.

25.     Defendant denies the allegations of Paragraph 25 of the Complaint.

26.     Defendant denies the allegations of Paragraph 26 of the Complaint.

27.     Defendant denies the allegations of Paragraph 27 of the Complaint.

28.     Defendant denies the allegations of Paragraph 28 of the Complaint.

29.     Defendant lacks sufficient information or belief to answer the allegations of Paragraph 29 of the Complaint.

30.     Defendant denies the allegations of Paragraph 30 of the Complaint.

31.     Defendant denies the allegations of Paragraph 31 of the Complaint.

## FIRST COUNT

## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227, et. seq.

32.     Defendant incorporates its responses to the Complaint in the foregoing paragraphs as if fully stated hereat.

33.     Defendant denies the allegations of Paragraph 33 of the Complaint.

34.     Defendant denies the allegations of Paragraph 34 of the Complaint.

35.     Defendant denies the allegations of Paragraph 35 of the Complaint.

36.     Defendant admits that Plaintiff seeks injunctive relief prohibiting violations of the TCPA but denies that Plaintiff and members of the proposed classes are entitled to injunctive relief against Defendant.

37.      Defendant denies the allegations of Paragraph 37 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

## AFFIRMATIVE DEFENSES

As further, separate, and affirmative defense to the Complaint, and without assuming any burden of proof and/or persuasion with respect to these matters where that burden of proof and/or persuasion lies with the Plaintiffs, Defendant alleges:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands/Laches/Estoppel)

Plaintiff and putative class members did not notify Defendant of the conduct alleged in the Complaint within a reasonable time. For this, and additional reasons, each of the purported causes of action set forth in the Complaint is barred by the equitable doctrines of laches, estoppel and unclean hands. Among other things, Plaintiff, and putative class members, knew of the purported acts of omissions ascribed to Defendant and were fully aware of their rights against Defendant (if any) but nevertheless inexcusably and reasonably delayed in asserting those rights, to the prejudice of Defendant. The delay in filing suit may result in difficulties in identifying and producing evidence material to defeating the claims of class members. Further, Plaintiff's claims, and the claims of putative class members, are barred by judicial estoppel to the extent they failed to disclose such claims in any bankruptcies or other judicial proceedings.

## THIRD AFFIRMATIVE DEFENSE

### (Consent)

Any and all activities of Defendant alleged in the Complaint were conducted with express or implied consent. Defendant denies that it contacted Plaintiff or putative class members via autodialed or prerecorded voice calls. Nevertheless, consent to receive autodialed or prerecorded/artificial voice call may be demonstrated in a myriad of ways. Consent to be contacted

6

1    via autodialer or prerecorded artificial voice on numbers associated with an account is expressly

2    agreed to as part of certain agreements between Defendant's client and its borrowers.

3         Moreover, on information and belief, Plaintiff and other putative class members governed

4    themselves in a manner expressing consent—such as by having conversations with Defendant on

5    their cell phones without ever complaining about that form of contact being an appropriate way for

6    Defendant to reach them to discuss accounts belonging to spouses, clients, dependents, or

7    references.

8                         **FOURTH AFFIRMATIVE DEFENSE**

9                               **(No Use of ATDS)**

10        Defendant did not use an automatic telephone dialing system ("ATDS") in violation of the

11    TCPA for any of the calls alleged to be at issue. Any calls to Plaintiff or putative class members

12    where placed—if at all—through human intervention including manually dialing the telephone

13    numbers at issue. Further, Defendant's systems, equipment, and methods for placing telephone calls

14    do not meet the criteria for calls placed via ATDS.

15                         **FIFTH AFFIRMATIVE DEFENSE**

16                                 **(Waiver)**

17        Plaintiff's claims, and the claims of putative class members, against Defendant are barred by

18    the doctrine of waiver.

19                         **SIXTH AFFIRMATIVE DEFENSE**

20                  **(Compliance with Governing Law)**

21        Defendant's compliance with the statutes, rules, and regulations which govern the subject

22    matter of this lawsuit precludes its liability to Plaintiff and/or putative class members.

23                      **SEVENTH AFFIRMATIVE DEFENSE**

24                           **(Bona Fide Error)**

25        Any statutory violations, which Defendant denies, were not intentional and resulted, if at all,

26    from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid such

27    errors.

28

**DEFENDANT WINDHAM PROFESSIONALS, INC'S ANSWER AND AFFIRMATIVE DEFENSES**
**CASE NO: 2:18-CV-01736-WBS-EFB**

**EIGHTH AFFIRMATIVE DEFENSE**

**(Excessive Fines)**

The award of statutory penalties against Defendant would violate the prohibition against excessive fines of the United States Constitution. Statutory penalties violate due process rights where the penalty prescribed is so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable.  Imposition of a $500.00 or $1,500.00 per call penalty is plainly excessive in this context and—taken in the aggregate—may result in potential damages that are not proportional to the conduct alleged.

**NINTH AFFIRMATIVE DEFENSE**

**(Due Process)**

The imposition of statutory damages and/or punitive damages against Defendant would violate the Due Process provision of the United States Constitution. Specifically, grossly excessive penalties entered on a discretionary basis may amount to an arbitrary deprivation of property without due process of law.

**TENTH AFFIRMATIVE DEFENSE**

**(First Amendment)**

The TCPA violates the First Amendment to the United States Constitution because it is an unconstitutional regulation of free speech.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Maintenance of Reasonable Policies and Procedures)**

Under any applicable statues, including the TCPA, if there were a violation by Defendant, which Defendant denies, it was unintentional and resulted despite maintenance of reasonable policies and procedures adopted to avoid any such violation and, therefore, was not willful or knowing.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

1  Plaintiff's Complaint and each claim for relief therein is barred because Defendant acted in

2  good faith and Defendant's conduct is and was privileged or justified, and Defendant acted without

3  malice. Thus, to the extent there was any statutory or common law violation, which Defendant denies,

4  such violation(s) were not knowing and willful.

5  **THIRTEENTH AFFIRMATIVE DEFENSE**

6  **(No Actual Damages)**

7  Defendant is informed and believes that Plaintiff and putative class members have not

8  sustained any actual damages as a result of the calls at issue in this action. For that reason, to the

9  extent there was any violation of the TCPA, which Defendant denies, Defendants would be liable

10  for no more than a $500.00 penalty pursuant to 47 U.S.C. § 227(b)(3)(B).

11  **FOURTEENTH AFFIRMATIVE DEFENSE**

12  **(Lack of Article III Standing)**

13  Plaintiff lacks Article III standing to assert his claims. Among other things, Plaintiff has

14  failed to allege and cannot prove that he suffered a concrete and particularized injury in fact as a

15  result of the telephone calls for which he seeks a recovery under the TCPA. Further, Defendant is

16  informed and believes that the members of the putative classes Plaintiff purport to represent lack

17  Article III standing to assert claims against Defendant.

18  **FIFTEENTH AFFIRMATIVE DEFENSE**

19  **(Failure to Mitigate)**

20  Plaintiff's claims, and the claims of putative class members, are barred in whole or in part as

21  a result of his/their failure to mitigate alleged damages, if any. Further, to the extent Plaintiff or

22  putative class members seek recovery for actual damages, such damages, if any, should be reduced

23  in proportion to his/their failure to mitigate. To the extent Plaintiff and putative class members

24  contend they received multiple calls from Defendant, they did so without objection and could have

25  avoided additional calls by simply asking that Defendant stop contacting them. It is unfair and unjust

26  for Defendant to be held liable for calls placed as a result of Plaintiff's and putative class members'

27  failure to take reasonable steps to mitigate the alleged harms.

28

DEFENDANT WINDHAM PROFESSIONALS, INC'S ANSWER AND AFFIRMATIVE DEFENSES
**CASE NO: 2:18-CV-01736-WBS-EFB**

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Limitation of Liability)

Defendant's liability in this action, if any, is limited pursuant to all applicable contracts, covenants, conditions, and restrictions operating as between Defendant's customers and any claimant and/or putative class member.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Arbitration)

Plaintiff may not advance claims or represent purported absent class members whose claims are governed by binding arbitration agreements, including agreements that include class action waivers.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Claims Barred by Settlement, Release and Res Judicata)

To the extent Plaintiff or putative class members seek to recover for any claims encompassed by previously litigated or settled actions, Plaintiff's claims, including purported class claims and allegations, are barred as a result of prior settlements, release, and the doctrine or *res judicata.*

## NINETEENTH AFFIRMATIVE DEFENSE

### (Unknown Affirmative Defense)

Defendant presently has insufficient knowledge and information on which to form a belief as to whether it has additional, but as yet unstated, affirmative defense available to it, and reserves the right to assert additional affirmative defenses in the event discovery indicates such defenses would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1.    The Plaintiff take nothing against Defendant by its Complaint and that the Complaint be dismissed with prejudice;

2.    That all costs of suit, including reasonable attorneys' fees, be awarded to Defendant;

3.   That judgement be entered in favor of Defendant; and

4.   That this Court award such further relief as it deems just and proper.

### JURY DEMAND

PLEASE TAKE NOTICE that Defendant demands trial by a jury.

Dated: September 5, 2018                    **MARKUN ZUSMAN FRENIERE & COMPTON LLP**

By:   __/s/ Daria Dub Carlson_____
Daria Dub Carlson

*Attorneys for Defendant Windham Professionals, Inc.,*

11